IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00607-WYD-KLM

WILLIAM SCOTT DAVIS,

     Plaintiff,

v.

APOLLO MECHANICAL,

     Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Compel Plaintiff to Submit to an F.R.C.P. 35(a) Independent Medical Examination** [#30] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion [#30] is **STRICKEN**. The parties shall follow Magistrate Judge Mix's discovery dispute procedure for this issue. *See Minutes* [#15] at 3-6. This procedure is as follows:

*Step 1*:     Counsel must meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1(a). Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

          **If the dispute relates to taking a deposition, see *Step 2.A.* below. If the dispute relates to written discovery, see *Step 2.B.* below. If the dispute relates to any other type of discovery issue, see *Step 2.C.* below.**

*Step 2.A.:*     If the dispute about taking a deposition is not resolved, counsel for the party seeking the protective order must send an email addressed to ***and*** to opposing counsel stating that the parties have a dispute about taking a deposition. The email must also contain the case number, the name of the party seeking the protective order, and the name of the deponent. *The email should not contain argument about the merits of the discovery issue.* The deposition shall be stayed pursuant to Local Rule 30.2(a) when the email is sent. The Court will contact counsel within three (3) court business days

to set a hearing on the dispute. The stay of the deposition shall remain in effect until the Court issues its ruling.

**Step 2.B.:**   If the dispute about written discovery (requests for production, interrogatories, etc.) is not resolved, the moving party must complete the written discovery dispute chart in the form attached. The moving party must send the chart, the disputed discovery requests and the disputed responses to opposing counsel and to the Court at   The Court will contact counsel within three (3) court business days to set a hearing on the dispute.

**Step 2.C.:**   If a dispute does not involve written discovery and is not resolved through conferral with opposing counsel, counsel then must agree on a mutually convenient time to call the Court for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement. Call 303-335-2770.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

**Step 3:**   When counsel call the Court for the discovery hearing, the Court may determine, off the record, whether the issue is appropriate for immediate adjudication.  If not, the Court will set the matter for a hearing at a mutually convenient date and time in the future.

**Step 4:**   If the matter is appropriate for immediate adjudication, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the

hearing will be set at a mutually convenient date and time in the future.

**Warnings:**   **The discovery dispute process outlined above may be your only opportunity to present legal authority supporting your position to the Court.  Hence, be prepared to do so at the time of the hearing.**

**Filing a disputed discovery motion without permission from the court *will* result in the motion being stricken, and *may* result in the imposition of sanctions.  To the extent that these procedures conflict with the Local Rules of the Court, these procedures take priority over the Local Rules.**

**Spoliation is a discovery issue, and hence these procedures apply to disputes regarding spoliation.  If the alleged spoliation involves written discovery, the parties shall use Step 2.B. above.**

Dated:  November 30, 2015